Lessee of J. DOOLING and wife, p. b., plaintiff in error, *vs.* SAULS-BURY HOBBS et al., defendants.

**L.** devised to his eight grandsons, naming them, all his lands equally, to be divided between them, " and if either of them should die leaving no issue, for it to descend to the surviving ones," *held* that on the death of one of the grandsons leaving issue, and of another without issue, the share of the latter passed to the six surviving grandsons, and not to the six, together with the issue of the seventh.

WRIT OF ERROR to the Superior Court of Sussex county. Tried at the June term, 1853, before the Chancellor and Judges Harrington and Wootten.

The case was this :—Thomas Ludenham, by will dated March 27, 1807, [proved March 29, 1808,] devised as follows :—" I, Thomas Lundenham, do make and publish this my last will and testament, as touching my worldly estate," &c., &c.

" Item, I give and bequeath unto my eight grandsons namely, the sons of Zadock and Eben Ludenham, namely, William, Silas, John, Hulet, Thomas, Joseph, Robert and Zadock; I do leave these, my eight grandsons, all my lands, to be equally divided between them, and if either of them should decease leaving no issue for it to descend to the surviving ones."

He gave to several children and grand-children specific and pecuniary legacies, and concluded usually by saying, "and no more of my estate," or " he nor his heirs to have no more."

*Silas* Ludenham survived his grandfather and died March, 1821, leaving a widow, Gensey, now the wife of William N. Coats; and one child, Hetty, wife of John Dooling.

The land devised was divided in Silas' life time, and he got his share, or portion thereof.

Two of the grand-children named in the will, viz: *Robert* and *Joseph,* died after the testator, after Silas' death, and *without issue.*

The question was, whether Hetty, the daughter of Silas, was entitled to any portion of the shares of Robert and Joseph Ludenham.

William died, leaving a widow, Mary, and five children, *Noah, Eleanor,* (*Hobbs,*) Henry, Sarah Jane, (Pritchett) and John Wesley.

*Zadock* is dead, since the suit was brought. One-eighth of the land devised was laid off to *Robert ;* one-eighth to *Joseph,* and the residue equally divided among the grandsons.

The question was, whether Dooling and wife, in her right, were entitled to any share of the parts assigned to *Robert* and *Joseph,* who died without issue.

*Mr. Layton* contended that the estate devised to the eight grandsons was an estate tail by implication, with cross remainders in tail to each, and went to their issue. (*Crabbe on Real Property,* § 2339; 55 *Law Lib.,* 641, *Cross Remainders ; definition ; Cowp.,* 777; 1 *Wms. Saund.,* 185-6, *n.* 6; 4 *Term. Rep.,* 710; 6 *Cruise Dig.,* 294, [427] § 16; 2 *Preston Ab. of Tit.,* 78-9, 108; 6 *Cruise Dig.,* 434, 298-9, 301, 304-5-6; *Cro. Eliz.,* 52, *Pettiwood vs. Smith.*)

· *Mr. Cullen* argued that it was an an estate tail, and that the devise over was good by way of executory devise. (*Crabbe on Real Prop.,* 20, § 978-9; 3 *Term Rep.,* 143.) But who is to take in case of the death of either of the grand-children? The testator says to the surviving ones; the counsel says to the surviving ones and the heirs of the others who may have died. (7 *Term Rep.,* 585; 16 *Johns. Rep.,* 381; 11 *Ib.,* 337; 1 *Ib.,* 440; 3 *Ib.,* 291; 23 *Wend.,* 513; 2 *Cowen,* 332; 16 *Mass. Rep.,* 240; 11 *Wend. Rep.,* 260, 293, 280; 2 *Crabb,* 23, 21; 52 *Law Lib.,* 7; 6 *Cow. Rep.,* 178; 2 *Mau. & Selw.,* 60; 2 *Mass. Rep.,* 56; 18 *Johns. Rep.,* 367; 10 *Ib.,* 16; 2 *Jarm. on Wills.,* 434-5, 445, 457.)

The *survivors* are to take, not survivors and heirs of survivors. It will not go to such heirs, for it is the will that it shall go otherwise. A. dies without issue ; his share goes to the seven others ; B. dies leaving issue; his part descends to his issue. C. dies without issue ; his share goes to the remaining *four,* and not to them and the heirs of B. This would be to make B's issue take as if B. had survived C., and thus violate the will. There is no question arising in the cause as to the law of *cross-remainders* by implication.

*Mr. Layton,* in reply, insisted that it was an estate tail in the

eight grand-children; with cross remainders among the survivors. Such a limitation over is good, by way of executory devise. (1 and 2 *Preston's Ab.*, 78-9; 107-8-9; 6 *Cruise Dig.*, 293, [434,] 301.) The remainders are *vested* in the first takers, and their issue shall take the estate in remainder, as well as the particular estate. Thus, if Silas die, leaving issue; and Robert and Joseph then die, without issue, their share shall go, not to the five others, only, but to the heirs of Silas, with the five others. (5 *Term Rep.*, 427.)

Judge Wootten delivered the opinion of the court.

Wootten, *Justice.*—Thomas Ludenham, by his last will and testament, bearing date the 27th of March, A. D. 1807, and proved on the 29th of March, A. D., 1808, devised as follows, to wit:—" I do give and bequeath to my eight grand-sons, namely, the sons of Zadock and Eben Ludenham, deceased, namely, William, Silas, John, Hulet, Thomas, Joseph, Robert and Zadock; I do leave to my eight grandsons *all* my land, to be equally divided between them; and if either of them should decease leaving no issue, for it to descend to the surviving ones."

Silas died leaving issue, Hetty, the wife of John Dooling, the lessee of the plaintiff; afterwards Robert died without issue, and Joseph also subsequently died without issue; Robert leaving six of the said grandsons to survive him, and Joseph leaving five of said grandsons to survive him.

The question presented is, whether Hetty, as the daughter and heir-at-law of Silas, is entitled to any part of the share or proportion of Robert and Joseph, each of whom died without issue.

This proposition necessarily involves the question as to what estate the grandsons of the testator took in the devised premises under the will, and also what interest or estate passed to the surviving ones, and who were meant by the testator as the surviving ones.

As to the first of these questions, the court are of opinion that the grandsons of the testator took an estate tail, as tenants in common, with a remainder over to the surviving grandsons; and for the purposes of this case, it is immaterial whether the devise over is a fee tail or fee simple. The important question, and the one which must govern this case, is to whom does " the words surviving ones" refer? is it the surviving grandsons, or does it refer to the surviving grandsons, and the issue of the deceased ones? The case of *Watts & Wainwright*, in 5 *Term Rep.*, 427, is relied upon as an authority establishing the devise over to the surviving grandsons and the issue

of the deceased ones; but the principle of this case is distinguished from the present case, from the fact that the limitation over is to the *children*, and that the ultimate limitation is only to take effect upon the death of *all* the children without issue, which the court held to include the issue of children under the terms of the settlement.    In this case the limitation is to the surviving *ones*, referring doubtless to the surviving grandsons, and such of them as may survive any one or more of those who may die without issue.

In this view of the case, on the death of Robert, without issue, leaving six others of said grandsons to survive him, they became entitled to his share by virtue of the limitation over in the event of any one of them dying without issue; and on the death of Joseph, another one of said grandsons, without issue, leaving to survive him five others of said grandsons, they in like manner became entitled to his share.    Therefore, John Dooling and Hetty, his wife, who was the daughter and heir-at-law of Silas, the grandson who first died leaving issue, are not entitled to any part of the share or portion of the said Robert and Joseph.    The judgment of the court below is affirmed.

*Layton,* for plaintiff in error.
*Cullen,* for defendants in error.